# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILHAM MIKKI,<br><br>                   Plaintiff,<br><br>v.<br><br>OFFICE OF DISABILITY ADJUDICATION,<br><br>                   Defendant. | Case No.: 18CV146 DMS (BGS)<br><br>**REPORT AND RECOMMENDATION ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>[ECF 19, 21, 22, 24] |

Plaintiff, proceeding *pro se*, has filed a Complaint challenging the Commissioner of the Social Security Administration's ("Commissioner" or "Defendant") finding that she owes an overpayment of social security disability benefits. (ECF No. 1.) Defendant filed an Answer to the Complaint with the Administrative Record[1] and the Court issued a briefing schedule. (ECF Nos. 13-14, 17.)

Plaintiff's Motion for Summary Judgment reiterates the position set forth in her Complaint — that she is seeking a waiver of the overpayment, that she cannot afford to pay the overpayment, and that a judge indicated he would take care of the overpayment.

---

[1] The Court notes that the Commissioner initially filed a motion to dismiss that was later withdrawn. (ECF 8, 12.)

1

(ECF 19, 21;[2] ECF 1 at 1-4.[3]) The Commissioner filed a Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion.[4] (ECF 22-1, 22-2.) The Commissioner argues the Administrative Law Judge ("ALJ") properly found Plaintiff was not entitled to a waiver of the overpayment. (ECF 22-2.) In short, the Commissioner argues Plaintiff was notified she no longer qualified for benefits and she agreed in writing that if that determination stood despite her appeal, Plaintiff would have to pay back the benefits she continued to receive while she appealed. (ECF 22-2.) Plaintiff then filed an Opposition in response to the Commissioner. (ECF 24.)

The Honorable Dana M. Sabraw has referred the matter to the undersigned for a Report and Recommendation. (ECF 16.) After careful consideration of the parties' arguments, the administrative record and the applicable law and for the reasons discussed below, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment be **DENIED** and the Commissioner's Cross Motion for Summary Judgment be **GRANTED**.

## I. BACKGROUND

### A. Plaintiff is Notified She No Longer Qualified for Benefits

Plaintiff began receiving disability benefits in 1991, but following a Cooperative Disability Investigations Unit ("CDI") investigation into fraud and Continuing Disability Review ("CDR"), Plaintiff was found not disabled. (AR 22-25, 65, 66-71.) She was notified by letter dated August 26, 2011 that the Commissioner found her health had improved, she was able to work, and she was no longer disabled as of August 1, 2011. (AR 22-25.)

---

[2] Plaintiff filed two documents. The Court summarizes and addresses the positions set forth in them collectively as single motion for ease of reference. (ECF 19, 21.)
[3] The Court cites the CM/ECF pagination unless otherwise noted.
[4] The Commissioner's request to file her Opposition one day late, (ECF 22) is **GRANTED**. The Court accepts for filing the Notice and Memorandum in Support of Defendant's Cross Motion for Summary Judgment and Opposition to Plaintiff's Cross Motion. (ECF 22-1 and 22-1.)

2

### B. Plaintiff Continues to Receive Benefits While Appealing

Plaintiff sought to continue receiving benefits while she appealed the Commissioner's determination that she was no longer disabled. (AR 26-27.) Plaintiff certified that she understood that if she lost her appeal, she would "be asked to pay this money back, including all checks received after my period of disability ended . . . through the month such benefits were received if the appeal is not decided in my favor." (AR 26-27.) The certification also advised Plaintiff of her right to ask not to have to pay the money back. (AR at 26.)

Plaintiff's appeal was unsuccessful. She received a hearing before an ALJ, Judge Parker,[5] on May 30, 2013 as to the determination she no longer qualified for benefits. (AR 31-42.) By decision dated July 9, 2013, Judge Parker found her disability ended on August 1, 2011 and that she had not become disabled again since that date. (AR 31-42.) Plaintiff did not appeal this decision.[6] During the hearing before the ALJ regarding the overpayment, discussed below, Plaintiff testified that she did not appeal Judge Parker's decision, but instead elected to file a new application for benefits. (AR 161.)

### C. Plaintiff is Determined to be Eligible Based on New Application

Plaintiff's new application for benefits, filed on July 15, 2013, was granted on July 2, 2014. (AR 119-144.) Plaintiff was found eligible for benefits based on a different disability, blindness, beginning July 2013. (AR 128.)

///
///
///

---

[5] The Court refers to Judge Parker specifically for purposes of distinguishing his decision regarding Plaintiff not being eligible for benefits from August 2011 forward and the ALJ decision here addressing the overpayment.

[6] That decision is not at issue in this case. However, as discussed more fully below, it is relevant for purposes of determining if the Commissioner has established Plaintiff received payments during a period when she was not disabled.

### D. Plaintiff's Appeal of Overpayment

Plaintiff was notified on August 7, 2013 of the overpayment and obligation to repay the benefits received for the period she was ineligible, November 2011-August 2013 in the amount of $18,844.80. (AR 49-54.) Plaintiff filed a request for waiver of the overpayment. (AR 55-63.) That request was denied on December 17, 2013, however the amount reflected as owed was less, $14,942.40.[7] (AR 86-89.) The letter indicated both that fraud was found as a result of the CDI investigation and that it had been determined that Plaintiff was not disabled during the period of overpayment. (AR 86.) Plaintiff filed a request for reconsideration on March 5, 2014 that was denied on March 20, 2014. (AR 90-98.) On April 7, 2014, Plaintiff requested a hearing before an ALJ. (AR 99.)

### E. ALJ Hearing

Plaintiff received a hearing before an ALJ on March 22, 2016 at which Plaintiff and her daughter testified. (AR 156-165.) Plaintiff discussed having been disabled for a long time, that she lost her eyesight in the last three years, that she had other medical issues, and that she had been receiving benefits for the past two years. (AR 158-162.) She also testified, apparently referring to commencement of the CDI investigation, that she believed someone had falsely reported she was working. (AR 159-160.) She also indicated she could not pay back the overpayment and her daughter testified briefly about Plaintiff's health issues. (AR 162.) Plaintiff's allegations that the ALJ told her he would "take care of the overpayment," is not reflected in the transcript of the hearing. On the contrary, there are no statements in the transcript that could be interpreted as the ALJ saying he would do any such thing.

//
///
///

---

[7] Both the Commissioner and the ALJ's decision acknowledge there was no explanation for reduction.

4

### F. ALJ Decision

On May 25, 2016, the ALJ issued a decision finding recovery of the overpayment had not been waived and Plaintiff was liable for repayment of the adjusted overpayment amount for the period of November 2011 to June 2013. After summarizing the applicable statutes and regulations governing overpayment, discussed more fully below, the ALJ concluded Plaintiff was not without fault in causing the overpayment. (AR 19.) However, the ALJ adjusted the overpayment period to exclude July 2013 because Plaintiff had been found disabled for this period based on her new application. (AR 18.)

The ALJ explained that Plaintiff had not disputed the amount of the overpayment, but rather, argued she could not afford to repay it and alleged the overpayment was not her fault. (AR 18-19.) The ALJ acknowledged Plaintiff's claim that no one told her she would have to pay back the money, but he also explained with citation to the record that Plaintiff signed an acknowledgement that if she lost her appeal she would have to pay the money back. (AR 19.)

As to Plaintiff's allegations that someone falsely reported she was working, the ALJ noted that he was basing his decision as to overpayment and denial of the waiver on Judge Parker's decision finding Plaintiff was no longer disabled. (AR 19.) The ALJ noted, consistent with Plaintiff's testimony at the hearing, that because Plaintiff did not appeal Judge Parker's decision it was final. (AR 19.)

As to fault, the ALJ found Plaintiff was "not without fault in causing the overpayment." (AR 19.) The ALJ found she was at fault because she requested benefits to continue after the cessation of her disability. (AR 19.) Relying on Plaintiff's written certification, the ALJ concluded Plaintiff understood that she would be asked to pay back the continuation benefits she was receiving if she lost her appeal. (AR 19.) The ALJ specifically indicated that he was not making "a decision with respect to the claims of fraud contained in the CDI investigation, or implied in Judge Parker's decision with respect to the subsequent claim of blindness." (AR 19.) However, he did indicate that the CDI investigation evidence that Plaintiff was able to help customers in their store,

5

operate a cash register, and conduct cash transactions in the store "provided further support of medical improvement during the overpayment period and that the claimant should have known to report any work activity or medical improvement, however small, to the Agency." (AR 19.) The ALJ noted Plaintiff lacked the ability to repay the overpayment if her financial statements were accurate and suggested the overpayment be taken from "current benefits at a token amount unless subsequent investigation shows the allegations of fraud are correct."[8] (AR 19.)

Plaintiff filed an application with the Appeals Council that was denied on January 19, 2018. (AR 4-12.) This case followed.

## II. SCOPE OF REVIEW

Section 405(g) of the Social Security Act allows unsuccessful claimants to seek judicial review of a final agency decision. 42 U.S.C. § 405(g). "Section 405(g) provides a jurisdictional basis for review of a final decision of the Commissioner denying a waiver of recovery of an overpayment of Title II disability benefits." *McCarthy v. Apfel*, 221 F.3d 1119, 1123 (9th Cir. 2000). This Court may enter a judgment affirming, modifying, or reversing the Commissioner's decision. *See* § 405(g). The matter may also be remanded to the Social Security Administration for further proceedings. *Id.*

## III. DISCUSSION

The Commissioner is required to recover overpayments. 42 U.S.C. § 404(a)(1) ("Whenever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made.") In the case of a claimant, like Plaintiff, that is receiving social security payments and has received payments "more than the correct amount, the Commissioner . . . shall decrease any payment . . . to which such overpaid

---

[8] A November 26, 2017 letter Plaintiff submitted in support of her Complaint appears to indicate that the Commissioner was withholding $10.00 per month from Plaintiff's disability benefits until the overpayment was recovered. (ECF 1-2 at 6.)

person is entitled." § 404(a)(1)(A). However, the Commissioner may not recover the overpayment as to "any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." § 404(b)(1).

There are two issues in an overpayment case: (1) the fact and amount of the alleged overpayment; and (2) whether the claimant was "without fault" in receiving the overpayments. *McCarthy*, 221 F.3d at 1123.

### A. Fact and Amount of the Overpayment

Plaintiff does not contest the fact or amount of the overpayments.[9] She did not do so in any of her proceedings before the Commissioner or the ALJ and she has not done so in the Complaint or her briefing on summary judgment. However, out of an abundance of caution, the Court briefly analyzes the issue.

The "Commissioner bears the burden of proving the fact and amount of overpayment." *Id.* at 1124. The Commissioner must establish a claimant: (1) received benefits for the period at issue; (2) the benefits were in excess of the amount owed; and (3) the amount of the overpayment. *Id.* at 1124-25. The Commissioner must establish the above by substantial evidence. *Id.* at 1125. "[S]ubstantial evidence is such relevant evidence as a reasonable mind might, upon consideration of the entire record, accept as adequate to support a conclusion." *Id.* The Commissioner has proven the fact and amount of the overpayment.

As noted above, Plaintiff has not disputed that she received benefits for the period of overpayment found by the ALJ, November 2011 to June 2013. Additionally, as discussed above, the record reflects that Plaintiff continued to receive benefits after she

---

[9] As the Ninth Circuit noted in *McCarthy*, "[i]n the usual overpayment case, a claimant does not contest the fact or amount of the overpayments. Rather, the claimant typically contests only the Commissioner's determination that he was not 'without fault' for receiving the overpayments and, consequently, that he is not entitled to waiver of recovery." *McCarthy*, 221 F.3d at 1124.

7

was determined to no longer be disabled and while appealing that determination. Accordingly, she received benefits for the period at issue.

Nor can there be any dispute that the benefits were in excess of the amount owed. As explained above, Judge Parker's decision, which was final and not appealed by Plaintiff, found Plaintiff's disability ended on August 1, 2011. (AR 31-42) And, the ALJ's decision on overpayment accurately found Plaintiff was only eligible for benefits under her new application beginning with July 2013. (AR 18.) Because the benefits the Commissioner seeks to recover, for November 2011 to June 2013, fall within the period when Plaintiff was not disabled the benefits received were in excess of the amount owed.

Again, Plaintiff does not dispute the amount of the overpayment. Additionally, the record reflects Plaintiff owes at least the amount found in overpayment. As noted above, the calculation of overpayment for the period of November 2011 to August 2013 is reflected in the Overpayment Detail of the Commissioner's August 7, 2013 letter to Plaintiff notifying her of the overpayment. (AR 49-53.) As noted above, the amount was reduced on reconsideration and the ALJ adjusted the amount to reflect a new period of disability that excluded July 2013. Nor is there anything in the record to support Plaintiff's claim that the ALJ indicated he would take care of or even reduce the overpayment. As noted above, nothing in the transcript could be interpreted to suggest anything even similar to this.

The Commissioner has proved the fact and amount of the overpayment.

### B. Without Fault

"The Social Security Act provides for waiver of overpayments if: (1) a claimant is without fault in receiving the payment and (2) requiring repayment would either defeat the purposes of Title II or would be against equity and good conscience." *Quinlivan v. Sullivan*, 916 F.2d 524, 526 (9th Cir. 1990). "The overpaid individual bears the burden of proving that he was without fault." *McCarthy*, 221 F.3d at 1126.

8

18CV146 DMS (BGS)

As explained in the ALJ decision, under social security regulations, a claimant will be considered at fault for purposes of a waiver if the record indicates the overpayment resulted from

> a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
> (b) Failure to furnish information which he knew or should have known to be material; or
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. 404.507

Here, the ALJ found Plaintiff created the overpayment by voluntarily electing "to continue to collect benefits after it was decided she was not longer disabled." (AR 19.) The ALJ found she was at fault for the overpayment because she sought to continue receiving benefits after her disability ceased. (AR 19.) The ALJ also found it significant that she acknowledged in writing that she would be asked to pay back the benefits if she lost her appeal. (AR 19.) Although the ALJ primarily relied on the final determination by Judge Parker (not appealed by Plaintiff) that Plaintiff was not disabled during this period most significant, the ALJ also noted the evidence of medical improvement and work activity found during the CDI investigation.

Unlike many claimants, this is not a situation where a claimant has failed to notify social security of medical improvement or engaging work and there is a dispute regarding what the claimant understood. Here, the agency told her she had improved to the point of no longer being eligible for benefits. She knew she was no longer considered disabled. Despite this notice that she was no longer eligible for the benefits, she voluntarily continued to receive benefits. She did not have to figure out she was no longer eligible based on medical improvement, they told her. Even assuming there could be any question that she was not entitled to these benefits, it was certainly clarified when she

certified in writing that she understood that if she continued receiving benefits while appealing she would have to pay it back.

Plaintiff cannot overcome those very clear and explicit indications by claiming she did not understand. The record evidence indicates that she was notified she was no longer considered eligible because of medical improvement, voluntarily sought to continue receiving payments knowing she had been found to be not disabled, and explicitly certified in writing that she would not be entitled to keep those benefits if she lost her appeal. Accordingly, the Court finds the ALJ's decision finding Plaintiff was not without fault in causing the overpayment was supported by substantial evidence.[10]

## IV. CONCLUSION

Based on the above reasoning, **IT IS RECOMMENDED** that the Court find the ALJ's decision was supported by substantial evidence and affirm the ALJ decision finding Plaintiff was not entitled to waiver of the overpayment. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's motion for summary judgment (ECF Nos. 19, 20) be **DENIED** and that Commissioner's cross-motion for summary judgment (ECF No. 22-2) be **GRANTED**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **July 10, 2019**, any party to this action may file written objections with the Court and serve a copy to all parties. The document should be captioned "Objections to Report and Recommendation."

///

///

---

[10] The ALJ did not reach and the Court need to address whether requiring repayment would either defeat the purposes of Title II or would be against equity and good conscience because Plaintiff has not established she was without fault in receiving the overpayment.

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 24, 2019**.

Dated: June 10, 2019

_____
Hon. Bernard G. Skomal
United States Magistrate Judge